**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | |
|---|---|
| JAMES A. LAPORTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08-CV-408 |
| ) | (Phillips) |
| COUNTRYWIDE HOME LOANS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This action concerns a mortgage loan plaintiff obtained to purchase property in Sevier County, Tennessee. Plaintiff alleges that defendants Countrywide Home Loans, Inc., (CHL) and Robert Rivernider, individually and doing business as Cut Above Ventures LLC, "fraudulently increased and grossly overstated plaintiff's income, and the value of the property and as such, qualified plaintiff for a higher loan than her verifiable income and property could support." Plaintiff additionally alleges various failures to disclose and to provide plaintiff with documentation required by law. Plaintiff has alleged violations of the Real Estate Settlement Procedures Act and the Truth in Lending Act. Plaintiff seeks rescission of the mortgage and an injunction prohibiting foreclosure.

The complaint was filed by plaintiff's former counsel on October 6, 2008. A motion to dismiss was filed by defendant CHL on January 20, 2009. On February 18,

2009, plaintiff's former counsel filed a response. On July 10, 2009, plaintiff filed a motion for substitution of counsel, which was granted by the court on July 14, 2009. On September 2, 2009, the court entered an order dismissing all claims against CHL [Doc. 13]. On October 9, 2009, plaintiff filed the instant motion for relief from the order granting CHL's motion to dismiss [Doc. 18]. Plaintiff argues that the order dismissing all claims against CHL should be set aside and she should be allowed to amend her complaint. For the reasons which follow, plaintiff's motion is **DENIED.**

## Analysis

Under Rule 60(b) of the Federal Rules of Civil Procedure, a party may obtain relief from a final judgment, order, or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reasons that justify relief.

Fed.R.Civ.P. 60(b).

Plaintiff seeks relief on two grounds.  First, plaintiff seeks relief under Rule 60(b)(1), arguing that her failure to file an amended complaint was either "excusable neglect" or "inadvertence."  Second, plaintiff seeks relief under Rule 60(b)(6), the catch-all provision.  As the Sixth Circuit has explained, "Rule 60(b) clauses (1) and (6) are mutually exclusive and the court must first analyze whether clause (1) applies before proceeding to analyze whether clause (6) applies."  *DirecTV, Inc. v. Turk*, 2008 WL 2491634 (6th Cir. Jun. 20, 2008) (citations omitted).  Thus, the court will analyze the Rule 60(b)(1) motion first.

**Rule 60(b)(1)**

When a case is dismissed on technical grounds, and a party seeks relief from the dismissal, the court must apply the following factors to determine whether relief is appropriate: "the length and reasons for the delay, the impact on the case and judicial proceedings, and whether the movant requesting relief has acted in good faith."  *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006).  However, when a case is dismissed on the merits, courts must apply a stricter standard for determining whether a party has shown "excusable neglect."  *Id.* at 933 (recognizing that there is "a more lenient standard for excusable neglect in cases of default than in cases when a party neglects to raise a certain argument").  In this case, plaintiff's claims against CHL were dismissed on the merits.  Thus, plaintiff will be held to a higher standard for demonstrating "excusable neglect," that is, failure to amend the complaint prior to dismissal.

In determining whether relief is appropriate under Rule 60(b)(1), courts apply three factors: (1) culpability, that is, whether the neglect was excusable; (2) any prejudice

to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense. *Gumble v. Waterford Township*, 2006 WL 751376 (6th Cir. Mar. 23, 2006) (citing *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003)). The party seeking relief "must first demonstrate a lack of culpability before the court examines the remaining two factors." *Id.* Thus, the court will first determine whether plaintiff has shown "excusable neglect" for failing to amend her complaint.

Under this high standard, it is clear that plaintiff has failed to show "excusable neglect." After the motion to dismiss was filed by CHL on January 20, 2009, plaintiff had more than seven months to amend her complaint. When plaintiff obtained new counsel in July 2009, the court had not yet ruled on the motion. New counsel had more than two months to review the case and to amend the complaint.

Plaintiff argues that the order of dismissal against CHL should be set aside because of "extraordinary circumstances" resulting from her counsel's work schedule. In particular, plaintiff argues that counsel was unable to file an amended complaint because of the voluminous and complex nature of the case and related litigation, as well as counsel's heavy workload. An increased workload by itself is not a sufficient reason to grant relief. When counsel accepted representation of plaintiff in July 2009, he still had over two months to amend the complaint. Counsel had ample time to amend the complaint but failed to do so, or to petition the court for an extension of time to do so. When the case was dismissed, it was dismissed on the merits and not technicalities. This is an important point because the Sixth Circuit has recognized that when a case has been dismissed on

the merits, the party seeking to have the dismissal set aside has an even higher burden. *See Burrell*, 434 F.3d at 833. Accordingly, the court finds that plaintiff has not established "excusable neglect" sufficient to set aside the order of dismissal as to CHL.

**Rule 60(b)(6)**

Rule 60(b)(6) is the catch-all provision allowing courts to set aside a judgment for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). However, the Sixth Circuit has instructed that this provision should only be applied in "unusual and extreme situations where principles of equity mandate relief." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefits Fund*, 249 F.3d 519, 524 (6th Cir. 2001). Relief under Rule 60(b) is "circumscribed by public policy favoring finality of judgment and termination of litigation." *Id.* at 524 (quoting *Waiferson Ltd. v. Classic Music Vending,* 976 F.2d 290, 292 (6th cir. 1992)).

A plaintiff seeking relief under Rule 60(b)(6) must rely on reasons independent from the other subsections. *Blue Diamond Coal Co.,* 249 F.3d at 524 ("almost every conceivable ground for relief is covered under the other subsections of Rule 60(b)"). In arguing her Rule 60(b)(6) motion, plaintiff relies upon the same facts cited in support for relief under Rule 60(b)(1), *i.e.,* the voluminous and complex nature of the case and related litigation, as well as counsel's workload. As stated above, these facts are not sufficiently unusual and/or extraordinary as to justify relief under Rule 60(b)(1), and the court finds that they are not sufficient to justify relief under Rule 60(b)(6).

In conclusion, the court finds that plaintiff has failed to show "exceptional circumstances" justifying relief under Rule 60(b)(6). Plaintiff was aware of the motion to dismiss, and therefore the defects in her complaint, for more than seven months before the complaint was ultimately dismissed. In addition, plaintiff's new counsel had more than two months to amend the complaint before it was dismissed. Accordingly, the court finds that plaintiff's motion for relief from the order of dismissal against CHL [Doc. 18] is **DENIED**, whereby all claims against CHL remain **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge